on behalf of the Airport Authority and I'd like to reserve three minutes for rebuttal. Very well. The key question in this case is whether or not the Airport Authority was acting under the FAA when it was using the PFAS-containing foam and it was. It was a government contractor and it had a contract with the FAA that specifically required it to maintain, operate, and use safety equipment that included fair... By government contractor, you're talking about the grant agreement, right? The grant agreements? I am talking about the grant assurances, those contractors. Okay. How can we consider those agreements when they weren't really briefed below or raised below, at least until the motion for reconsideration? I think the easiest way to reach that is that the statute that we mentioned in our reply brief, which is 28 U.S.C. 1653, which specifically says that defective allegations about jurisdiction can be considered in the appellate courts, I think that's the most straightforward way. I also think that they were sufficiently raised in the trial court in the first time around. There were allegations about the grant assurances in the opposition, and contrary to what the state has said, you can pierce the pleadings and look at the opposition, look at the documents that were attached to that, as we explained also in our reply brief. So the contracts, additionally, there's an entire federal... But don't we really focus on the removal documents? Isn't this sort of a facial attack where we really just look at what's in the removal documents? I think the question of whether or not there's a contract is a factual attack. If they're saying there is no contract, that is a factual attack. And since it's a factual attack, it is the type of thing that can be pierced. And I'd be interested to hear if my colleagues on the other side deny the existence of these contracts when they stand up here, because they've actually been admitted in the second removal part of this case, though they're in the record. And in any event, I think this court, based on the federal statutory scheme, based on the Michigan statutory scheme, that also recognizes that these contracts have to go through the state of Michigan, the money has to go through the state treasury. I think based on those things, in addition, you could take judicial notice of the fact that these contracts are on the FAA's website, the grant assurances specifically. So I think there's multiple grounds to reach... Even if we consider those agreements, how does that turn the airport authority into a government contractor? I think that shows that we were, in fact, hired or enlisted by the federal government to perform certain tasks. That's what a contract is. That's just the plain meaning of what a contract is. The government could have relied purely on the stick of regulations to accomplish this, but instead it decided that it also ended up the carrot of having these contractual relationships with airports like the airport authority here. And under those contracts, we're required to maintain safety equipment, and that's what they did. The FAA specifically supervises the use of this. They dictate exactly what foam has to be used. They dictate that it has to be this AFFF foam that contains PFAS, so it specifically relates to the PFAS allegations here. So I think the contracts directly tie in, and they show that we're doing what the Supreme Court talked about in the Watson case, which is we're assisting the federal government accomplish a government task, which is firefighting at airports. And the other side... The Supreme Court ought to have a lot of decisions on this. What's your best decision you're basing your position on? I think in the Supreme Court, the Watson language is our best position. I think in this court it would be the Bennett case, where in the Bennett case the court recognizes a contractual relationship that's coupled with detailed regulation, monitoring, and supervision is exactly the type of thing that satisfies this acting under relationship. What specifically from Watson helps you? It seems like that sort of factual situation there cuts against you. I think part four of the Watson decision helps us, because part four is specifically addressing the difference between firms like Philip Morris, which was not a government contractor, and the situation where there were a government contractor, because Philip Morris tried to fit under that group of cases that dealt with government contractors. Is it your position that any entity, any private entity that has a grant agreement with the federal government is a government contractor? I think it depends on what they're doing. Here, the thing that we're doing is assisting the government. The other side, for example, relies on cases where there's contracts that didn't rise to the level of assisting the government. Some of the cases that they rely on that are examples of this would be cases where the government has a proprietor, has a mineral lease with someone. In that instance, they have a contract, but they're not assisting the federal government. Here we're directly assisting with firefighting. The task of maintaining and operating this firefighting equipment is something that if the airport were doing, the federal government would have to do. The federal government is tasked by Congress. In Section 106, we cite it in our brief of Title 49 with maintaining aviation safety. Firefighting is a component of aviation safety. To use one of the analogies we use in our brief, instead of the FAA or Congress creating a TSA-like thing for firefighting, a TFA, instead of doing that, they have these contracts. These contracts require that you maintain and operate equipment. I think that if you were to say that those obligations that are included in these grant assurances were not binding, then that would go against prior precedent of this court in the D.C. Circuit that recognized the grant assurances are binding contracts. It would also mean that the federal government wouldn't be able to come in and hold these contract obligations against airports that failed to do these things. The fact that it's important enough that the government both regulates and has a government contract about these issues shows that it is something that's assisting the federal government. It's not just regulation. I think on the assisting under, I think that's answered by Watson and Bennett, the cases I've cited. As to the component about whether or not it relates to, the district court, I think in this case, erred by requiring a direct causation requirement as opposed to just the relationship test the statute recognizes. The statute, which was amended in 2011, simply requires that there be a relationship, a connection. I don't know how to be plausible in a case like this to say that there's no connection at all between the firefighting foam that contains PFAS getting released into the environment and the state's lawsuit that's about PFAS contamination in the environment. So there's a direct causal link. You can see that in their own complaint. If you look at paragraph 27 of their complaint, they specifically say that PFAS is attributable to this firefighting foam, this AFFF. So they've drawn the connection. And again, the hurdle for a relationship test is extremely low, and I think it's satisfied here. Now, you talk about firefighting, is it your position that that's a federal responsibility when it comes to airport authority as opposed to a state or local responsibility? I think it is in this context. I mean, aviation safety is a broad term. We cite in our briefcase talks about field preemption in the area of aviation safety. So I think when the FAA is entering contracts and has statutes that govern the FAA, it requires you to use the specific firefighting foam. So in this context, in other contexts, it may be a state function, but here we're talking about interstate airport where the FAA has contracts to specifically do this and has other guidance about it. What sort of conduct do you think mandates that the case could be removed to another court, to the U.S. court? I think it's the contract. Have you got it in mind what it would be? So the specific conduct here, for example, is alleged in paragraph 18 of their complaint, and it's maintaining, testing, and operating firefighting equipment. And so it's the line between whether you're assisting the federal government or whether you're doing something else. And I think firefighting at an interstate airport under the FAA's guidance about – I mean, the FAA comes in monitors, they hold inspections. If you don't discharge this firefighting foam, if you don't maintain equipment discharged on a periodic enough basis, then the FAA will specifically, during inspections, require you to discharge it. You can see that in CERT Alert 1901, which we cite in our brief. So it's the firefighting function at the airport is how they're assisting the federal government. And again, it's a federal function because Congress made it one. Congress said aviation safety is something the FAA has to do. Not every airport has a fire department. So what, the federal government is breaching their duty because they don't have a fire department on the small airports? I mean, I don't – to say that they have jurisdiction over aviation is a little different than saying they have exclusive jurisdiction over fire departments at airports. And I guess I don't need to go that far. I think it's the case at the second largest airport in Michigan that they have contracts like this specifically to make sure there is firefighting, and they conduct the inspections. Maybe they don't at the smaller airports, but certainly at big airports like this, they – I think they think they have a responsibility. It's like security. They could leave security at an airport up to – I don't think it's a federal duty, that's all. You're saying the duty flows because it's a federal duty and the Grand Rapids Airport is assisting the federal government in the federal government's duty. I don't see a federal duty here at all. And I guess I'd go back to the fact that Congress said they have a duty for aviation safety. Aviation safety, that's – aviation safety is kind of general and – It is general, but if you look at Chapter – I think it's 447 of Title 49, it's all about safety regulations, and it includes on-the-ground firefighting equipment. Would you agree with me that under Watson, the standard is basically an agency standard? That even though the Supreme Court doesn't use the word agency, they use all the terms that establish what an agent would be under the supervision control of the principal. Is that – do you kind of agree with me that that's what it establishes, is agency principles? I'm thinking that through because it uses the broader language assistance. I guess because we have a contract here anyway, I feel like there would be an agency. So if that were the standard, that we would meet it as a government contractor. And that's kind of what struck me about the district court's opinion. It said – did find that it was plausible to be a government contractor, but then said we weren't hired or enlisted, and so we weren't acting under, but we do have a contract. We are acting under them under this contract, and the contract, again, includes these obligations. It's not merely a matter of regulation. Okay. If we put aside the grant agreements and we just look at, I guess, the regulations, how do those regulations create an acting under situation for the airport or the door? I think it would be very hard without the contract for us to satisfy that bar. I think the contract shows, though, that we are acting under. I mean, that's what a contractor does. A contractor acts under, for example, the principle of the contract when they're doing the things that they are required to do. And I would also emphasize that if the court thinks that these provisions and the grant assurances, again, are not material, and the FAA really didn't bargain for these and didn't enter a contractual relationship about them, then I would think that that might mean if the FAA were to come in here to try to enforce these grant assurances, that parties would be able to argue that there's no consideration that this is not a material part of the contract. And so I think it would be undermining the federal government's ability to enforce these grant assurances if the court were to say that they weren't, that the contract didn't matter. I see my time is up, so I'll try to reserve my remaining time. All right. You'll have your three minutes rebuttal. Mr. Lindstrom. Good afternoon. Good afternoon. May it please the court. Keith Underkoffler for the Michigan Department of Environment, Great Lakes, and Energy and Michigan Attorney General Dana Nessel. The Federal Officer Removal Statute provides a federal forum for lawsuits against federal officers, federal agencies, and persons who are enlisted by the federal government to perform basic governmental tasks. The Gerald R. Ford International Airport Authority is none of those things. It is not a federal officer or a federal agency, but a regional airport authority with duties and powers provided under state law. And it does not operate a federal airport or exercise any other basic governmental function. I'd like to focus a little bit on this statute. Your opponent just said that firefighting duties at an airport is a federal function. It's not a state function. It's a federal function. Do you agree with that? I do not. And I think that it's answered by the statutory and regulatory scheme at play here. So 49 U.S.C. Section 106 gives the FAA specified duties and powers in relation to aviation safety. Some of those duties and powers are set forth in Chapter 447, which is titled Safety Regulation. And I think the title of that chapter gives you a hint as to what the FAA is doing here. It is regulating. Section 44701 of that chapter says the FAA shall promote aviation safety by prescribing regulations and minimum standards. And Section 44706 says that when the FAA issues an airport operating certificate, quote, the terms shall include conditions relating to operating and maintaining adequate safety equipment, including firefighting and rescue equipment. So what that section is saying, it's not saying that the FAA is responsible for maintaining firefighting and airport rescue equipment. It's saying that the FAA, it's imposing that duty on the operator of the airport. It's saying the FAA is supposed to make that a condition of the operating certificate. And that's exactly what the FAA has done. It issued these regulations in 14 CFR Part 139, which is titled Certification of Airports. And those regulations set forth what you need to do to obtain and maintain an airport operating certificate issued by the FAA. Some of those regulatory requirements require having and maintaining firefighting and safety and rescue equipment. Now, your opposition says they're not really relying on sort of the regulations. They're really relying on the grant agreements and that those grant agreements make them a government contract and therefore that allows them to satisfy the acting under. How do you respond to that? A few points on that, Your Honor. First, that's not what they argued below. They did rely expressly on Title 14 CFR Part 139. That was the entire argument that was briefed to the district court. To now shift to these grant agreements on appeal, they're relying on facts that are outside the complaints and the notice of removal and the types of facts that this court said in the Mays' opinion, which is a published binding decision that this court can't look at in a facial attack on jurisdiction. And I also think a couple points on this grant agreement argument, I mean, I think it runs into this court's holding in Mays' where the MDEQ defendants in that case also had grant agreements with the EPA. They were drinking water safety grants and this court said that the receipt of federal funding pursuant to those grant agreements didn't demonstrate an acting under relationship. I think here it's important also to look at the object of these grants and what the grant agreements say to the extent that the court is going to even look at them, which I don't think you should. At what point did the airport authority first bring up the grant agreements? Their position is that they raised it below and they're just continuing to make that argument on appeal. So at what point was it first raised? There's nothing about them in the notice of removal. There are two sort of stray sentences in the opposition brief where they said complying with the Part 139 regulations is also a condition to receiving federal funding. So the argument was kind of the reverse that they're making here. They said if we don't comply with the regulations, we'll lose our federal funding. But they did mention them in those two stray sentences. But it was really in the appeal brief here that the grant agreements became the total focus of their arguments. They never argued below that the grant agreements were contracts or that they were a government contractor pursuant to the grant agreements. It's a totally new argument raised for the first time on appeal. And what I wanted to point out about the grant agreements also is that these are not like firefighting grants. They're terminal development grants. So the FAA is giving the airport authority money to improve concourses, to do terminal development projects, some runway projects. And the language, the operative language that they're pointing to in the grant agreements just says that to receive this grant funding, the airport authority must have, quote, all the safety equipment required for certification of such airport under 49 U.S.C. 44706. So I think the object of the grants is important. This is not the FAA hiring the airport authority to perform firefighting and safety activities. And I think that that language is important, too, because the requirement is just that you have to have all of the air safety requirement that you're already required to have to obtain certification. So it doesn't impose any new obligation on the airport authority regarding fire safety activities. It doesn't change the relationship between the FAA and the airport authority related to these activities from the relationship that it has with every other airport operator that doesn't have grant agreements. It's the same requirements that you have to have certain fire extinguishing foams. You have to maintain your equipment and make sure that it's calibrated and that it works. There are no duties that were imposed on the airport authority here that aren't imposed on every other regulated commercial airport. One other point on this is I think it's instructive that other courts have found that there was only a regulator-regulated relationship when companies were acting pursuant to these same sorts of regulations issued under Chapter 447. So this is the Liu Junhong case out of the Seventh Circuit, the Riggs case out of the Tennessee. So those were all similar where the designers and manufacturers of aircrafts had to comply with detailed FAA specifications designed to make sure that their aircrafts were safe. Those specifications were issued in regulations promulgated under Chapter 447. In each of those cases, the court said that you're not exercising any duty of the FAA. You're simply complying with air safety regulations, which is the same thing that the airport authority is doing here. One final point on this, in response to my friend's argument that this is something that the FAA would do if the airport authority didn't do it, I think that's wrong and it's contradicted by what the airport authority said in its district court briefing. So on two occasions in the district court, the airport authority said, quote, had GFIAA, the airport authority, not acted precisely as FAA dictated, there would be two alternatives. GFIAA could complete corrective action issued by the FAA or GFIAA would lose its Part 139 certificate status. So if it didn't have the foams that it was required to have and it didn't calibrate its equipment in the way that it was supposed to, it's not a situation where the FAA would step in and take over those activities for the airport authority. What the FAA would do is it would issue a corrective action notice and say, hey, you're out of compliance with your certificate, so you need to take corrective actions to come back into compliance with your certificate, or they would revoke the certificate for violations of it. So I think it further just indicates that this is not exercising a governmental task. I think it's distinguishable from Bennett and other situations where that's what was happening, where the FAA would have had to, you know, provide a safe work environment for its employees and remediate toxic mold in the building that they occupied if it didn't hire that task out to a private contractor. That's not what's happening here. The FAA isn't delegating any of its own tasks to a third party. Under your theory, any time someone files suit against one of the local airports, you can remove it because it involves some federal rule or regulation or something like this, right? That's not my theory. So my theory is that you can't remove it. If it's a state court lawsuit against a regulated entity, they can't remove it unless they were acting under a federal agency in performing the activities at issue. And our theory here is that they were not acting under the FAA. They were just complying with regulations. It's no difference than performing the types of testing that was at issue in Watson, where the FTC required cigarette manufacturers to test the tar and nicotine yields in their cigarettes. It said you needed to use the Cambridge filter method to do this. That was an FTC design method. They required compliance reporting to show that they were using the method prescribed by the FTC. And the Supreme Court said that's not sufficient. That's not an acting under relationship. And I think the rationale for that is also important, where the Supreme Court said that that would expand the statute, the scope of federal officer removal, way beyond what it historically been used to do, what it was intended to do, or the purposes of the statute and way beyond the statutory language, which, to Judge Griffin's point, I think does evidence this sort of agency or agency-like relationship where you're stepping into the shoes of the federal government in fulfilling its own tasks. I think you look at that, even if the federal government had a contract with the airport, it could be a general contract. I think under this removal statute that the private party must be subject to the guidance and control of the federal government performing a federal duty. And you can have contracts that are general, that I want you to pave three miles of this road or something like that. And the federal government is not subjecting them to control or supervision or anything else. They're just performing a duty under the contract. So I think if you say that, well, there's a contract here, well, that's not the end of the matter. You still have to establish control guidance that the federal government is in charge of this thing, rather than just there's a contract for it. I think that's exactly right, Judge Griffin. I think that's what the Supreme Court indicated in Watson, where it said, it didn't say whether or not government contractors could remove, but it said if they can, it's in these types of contractual relationships with an unusually closed relationship. I think that's the analysis that you went through in the Bennett opinion, was to look at the contracts that were attached to the notice of removal and see exactly what they said. There are other cases where the entity trying to invoke the statute had contracts with the government and they were found to be insufficient for exactly the reasons that you're citing. So in the Ohio State Chiropractic Association case, although that's an unpublished opinion, the entity there, the Medicare Advantage Organization, had a contract with CMS and the court found it insufficient. In Mays, there were the same sort of grant agreements at issue here. And other cases along these lines. If there are no further questions, we just ask the court to affirm. Further questions, Judge Siler? Judge Mathis? All right. Thank you. Thank you, counsel. Thank you. Mr. Lindstrom, you have three minutes for a bow. First off, on the existence of the contracts, I'd like to note that they didn't deny these contracts exist. They didn't deny the fact that Section 28 U.S.C. 1653 shows that you can remedy defective allegations at the appellate level. I don't deny that. The focus of their argument is on the regulations. But the existence of the regulations doesn't negate the existence of a contract. If that were true, they say there's no duty. There's a contractual duty. These types of grant assurances are enforced through litigation about breach of contracts, about the breach of the duty imposed by the grant assurances. And we've cited cases, there's the D.C. Surrey case, we've cited the Sixth Surrey case, S.P.A. rental, I believe, where this court has said that these grant assurances are binding obligations. And if you say they're not binding obligations, that they're not adding anything to the matter, then it'll have a negative effect on government contract enforcement in the future. Are you saying that any time a private entity takes a grant from the federal government that they are acting under the federal officer for purposes of this removal statute? Not any time. It's not every... Okay, when are they and when aren't they? It's whether they're doing something, whether they're assisting the government with a governmental task. And I appreciate... I kind of disagree with you on that one, but anything else? I mean, also, they've got to be subject to the controlled supervision. I mean, it's... And they are, Your Honor. I mean... To be an agent, basically. As opposed to, I mean, you could have independent contractors and you can have agents, and just because you have a contract with an independent contractor, it doesn't make them your agent. It doesn't make them acting under the federal party that contracted with them. But I think that's one of the problems with the argument, is you kind of say, if there's a contract with the federal government, that's it, that you are acting under a federal officer. I don't think so. I think we're going beyond that. And I realize I'm not... I may not be persuading you, but I'd like to try for the other two, is that this assisting, I think assisting in firefighting satisfies the plain language of the statute. I mean, it's acting under, as the Watson case talked about, the fact that even in services contracts, they're still doing something for the government, right? It wasn't just procurement contacts in the Boyle case that talked about this. Where's the sort of control, going back to what Judge Griffin is saying, you know, Bennett, there was control of the employees' hours. The federal government could dismiss the employees for a cause, those type of things, but it doesn't seem like we have that here. So there's lots of control. They control the operation of the firefighting equipment. They're requiring us to operate a specific way. They're requiring us to use the specific foam, which is the thing that's causing the PFAS releases that are issued in the state's lawsuit. They're conducting specific inspections and supervising. That seems to me to fit well within the language of guidance and monitoring and supervision that this court used in the Bennett case. So even if it doesn't, regardless of whether it's an agency relationship or not, this is assisting the federal government. I guess I have to return to my point that I think firefighting safety is important to Congress, is important to the FAA, and that's why they have these contracts. They didn't want to rely purely on the stick of regulation. I'm sorry. They want to also have the carrot of the contracts to make sure that this really happens. Unless there are any further questions, I'll... Any further questions? Judge Siler? Judge Mathill? Thank you. Thank you for your argument. A case will be submitted. We may call the next case.